**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

YAZEL MEDIA LLC,

      Plaintiff,

v.

EDGFRTOIO,

      Defendant.

Case No.: 1:25-cv-14137

Judge Franklin U. Valderrama

Magistrate Judge Albert Berry, III

## AMENDED COMPLAINT

Plaintiff, YAZEL MEDIA LLC ("Yazel" or "Plaintiff"), by Plaintiff's undersigned counsel, hereby complains of EDGFRTOIO identified on Amended Schedule A attached hereto (the "Defendant"), and for Plaintiff's Amended Complaint hereby alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. §§ 101, et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant since the Defendant directly targets consumers in the United States, including Illinois, through at least the fully interactive commercial internet stores operating under the Defendant alias and/or the online marketplace account identified in Amended Schedule A attached hereto (the "Defendant Internet Store"). Venue is proper in any district in which Defendant resides or may be found which includes any district in which they would be subject to personal jurisdiction. See 28 U.S.C. § 1391(b)(3). On information

and belief, Defendant is not a resident of the United States, which means that they may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

## INTRODUCTION

3. Plaintiff, YAZEL MEDIA LLC, is the owner of the federal copyright registration that protects the creative content of Plaintiff's illustrations. Paisley Yazel is one of the owners and artists behind Yazel Media. Paisley Yazel is an illustrator who has created over one hundred seamless, repeating patters of cartoonish cryptids, neon mushrooms, skeletal rabbits, pastel ghosts and more.

4. Plaintiff is the owner of United States Copyright Registration No. VA 2-413-861 (the "Yazel Media Work") and the registration is attached hereto as **Exhibit 1**. Upon information and belief, the copyright has an effective date that predates the Defendant's acts of copyright infringement.

5. Defendant is an individual or business entity who, upon information and belief, resides in a foreign jurisdiction. Defendant operates at least one e-commerce store under the Defendant Internet Store identified on Amended Schedule A and/or other aliases. Defendant conducts business in the United States and has offered for sale and sold products to United States consumers, including in Illinois and this judicial district.

6. Plaintiff is forced to file this action to combat Defendant's infringement of Plaintiff's copyrighted image and to protect unknowing consumers from purchasing unauthorized products over the internet. Plaintiff has been irreparably damaged by Defendant's infringement and seeks injunctive and monetary relief.

**THE PLAINTIFF**

7.     Plaintiff, Yazel Media, is the owner of the Copyright Registrations that protect the creative content of the Yazel Media Works. Paisley Yazel is one of the owners and artists behind Yazel Media. Paisley Yazel is an illustrator. Her work is inspired by religion, haunted houses, Western folklore, the North American wilderness, and an irreverent sense of humor. Her art career began in high school as she illustrated children's books and covers for self-published authors. She studied fine art in college, graduating cum laude with a BFA and a concentration in animation. After school, she worked as an independent artist, primarily in surface pattern design. She opened stores on Spoonflower and Redbubble and began posting a collection of surface patterns of what she likes to call "wholesome horror." Over the years, Yazel has created over one hundred seamless, repeating patterns of cartoonish cryptids, neon mushrooms, skeletal rabbits, pastel ghosts, and more. Her designs and illustrations are available for purchase on these print-on-demand sites, and she has expanded her business into licensing. Information about the Yazel Media Work is provided in the following table:

| Registration No. | Effective Date of Registration | Title of Work | Design |
|---|---|---|---|
| VA 2-413-861 | July 16, 2024 | Lavender Slime | |

8.      Plaintiff has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Yazel Media Works. As a result, products associated with the Yazel Media Works are recognized and exclusively associated by consumers, the public, and the trade as products authorized by Plaintiff (the "Yazel Media Products"). Consumers can purchase authentic Yazel Media Products on Plaintiff's website:



h<u>https://www.redbubble.com/shop/ap/33737319</u>

## THE DEFENDANT

9.      Defendant is an individual or business entity who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within Illinois and in this judicial district, through the operation of the fully interactive commercial website and online marketplace operating under

the Defendant Internet Store. Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Yazel Media Products. Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell and display illegal Yazel Media Products to consumers within the United States, including Illinois, and in this judicial district.

**THE DEFENDANT'S UNLAWFUL CONDUCT**

10. The success of the Yazel Media Work has resulted in significant copying of the creative content protected by Plaintiff's copyright registration. Defendant uses Amazon to target consumers in the United States, including the State of Illinois, and has offered to sell and, on information and belief, has sold and continues to sell infringing products that violate Plaintiff's intellectual property rights in the Yazel Media Work ("Infringing Products") to consumers within the United States, including the State of Illinois.

11. Upon information and belief, Defendant facilitates sales by designing the Defendant Internet Store so that it appears to unknowing consumers to be an authorized online retailer, outlet store, or wholesaler selling genuine Yazel Media Products.

12. Defendant, without any authorization or license, has knowingly and willfully pirated Plaintiff's Yazel Media Work in connection with the advertisement, distribution, offering for sale, and sale of illegal products into the United States and Illinois over the internet.

**COUNT I**
**COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 106 and 501)**

13. Plaintiff repeats and incorporates by reference herein the allegations contained in the above paragraphs of this Amended Complaint.

14. The Yazel Media Work has significant value and has been produced and created at considerable expense. The Yazel Media Work is an original work and is copyrightable under 17 U.S.C. §§ 101 et. seq.

15. At all relevant times, Plaintiff has been the holder of the pertinent exclusive rights infringed by Defendant, as alleged hereunder, including but not limited to the Yazel Media Work, including derivative works. The Yazel Media Work is the subject of a valid Copyright Registration Certificate issued by the Register of Copyrights. (**Exhibit 1**).

16. Defendant had access to the Yazel Media Work via the internet, where the design appears on Plaintiff's authorized websites.

17. Defendant's unauthorized products either reproduce the Yazel Media Work or is derived from the Yazel Media Work:

| Plaintiff's Yazel Media Work | Defendant's Infringing Product |
| --- | --- |
|  | |

18. Defendant, without the permission or consent of Plaintiff, has offered to sell, has sold, and continues to sell online pirated derivative works of the copyrighted Yazel Media Work.

Defendant has violated Plaintiff's exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §§ 101 et seq.).

19.     Defendant's actions constitute willful copyright infringement in violation of 17 U.S.C. §§ 106 and 501(a).

20.     Defendant reaps the benefits of its unauthorized copying in the form of revenue and other profits from the sale of products bearing Plaintiff's copyrighted Yazel Media Work.

21.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to relief pursuant to 17 U.S.C. § 504 and to Plaintiff's attorneys' fees and costs pursuant to 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That Defendant, its affiliates, officers, agents, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a. using the Yazel Media Work or any reproductions, copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Yazel Media Product or is not authorized by Plaintiff to be sold in connection with the Yazel Media Work;

    b. passing off, inducing, or enabling others to sell or pass off any product or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Yazel Media Work;

    c. further infringing the Yazel Media Work and damaging Plaintiff's goodwill;

d. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Plaintiff to be sold or offered for sale, and which directly use the Yazel Media Work and which are derived from Plaintiff's copyright in the Yazel Media Work; and

e. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Store, or any other online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which are derived from Plaintiff's copyright in the Yazel Media Work;

2) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, shall:

a. disable and cease displaying any advertisements used by or associated with Defendant in connection with the sale of products not authorized by Plaintiff which are derived from the Yazel Media Work; and

3) For Judgment in favor of Plaintiff against Defendant that it has: a) willfully infringed Plaintiff's rights in Plaintiff's federally registered copyright pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Amended Complaint;

4) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be determined at trial;

5) That Plaintiff be awarded Plaintiff's reasonable attorneys' fees and costs; and

6) Award any and all other relief that this Court deems just and proper.

DATED: March 4, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*
Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***